**WALTER FOSTER, MABEL REID FOSTER
AND MABEL REID,**
Plaintiffs and Cross Defendants

v.

**AFENOA FA'AMULI,**
Defendant and Cross-Complainant

No. 1006

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

[Land: "Alega"]

September 30, 1969

The above-entitled action was brought by the plaintiffs to enjoin the defendant from interfering with their peaceful occupancy of certain improved land situated in Tutuila, American Samoa, which said land is a portion of the land known locally as Alega.

In their complaint the plaintiffs alleged that they are surviving members of the family of Peter E. Reid, Sr., now

deceased, and that the said Peter E. Reid, Sr., had cleared, improved and occupied the land for the last 20 years or so with the knowledge and permission of Ta'ape Fa'amuli, the former matai of the Fa'amuli family, the owner of the land. The plaintiffs further alleged that upon the death of Peter E. Reid, Sr., the possessory rights in the property passed to the surviving members of his family in accordance with Samoan custom.

The defendant, Afenoa Fa'amuli, alleged that he is the son of Ta'ape Fa'amuli, now deceased, and that he is currently holding the matai title. He denied the material allegations of the complaint insofar as they claimed the right of possession in accordance with Samoan custom and set up by way of cross-complaint the contention that the said Peter E. Reid, Sr., was entitled to a life estate only which terminated upon his death, thereby leaving no basis upon which the plaintiffs could predicate a claim of possessory rights. In their answer to the cross-complaint the plaintiffs alleged a family relationship between Peter E. Reid, Sr., and Ta'ape Fa'amuli. They further alleged that the clearing, planting and construction of the land were by the labors and at the expense of the Reids. On the basis of these allegations the plaintiffs contend their occupancy of the property is in accordance with Samoan custom and that it cannot be terminated arbitrarily by the matai of the family without cause.

Thus the controlling issue in the case was narrowed by the pleadings to the question whether Peter E. Reid, Sr.'s, use and occupancy of the property derived from his membership in the Fa'amuli family and was in accordance with the Samoan custom.

The plaintiff, Mabel Reid, was married to Peter E. Reid, Sr., in 1946, and obtained an absolute divorce from him on October 20, 1967. The plaintiff, Mabel Reid Foster, is an

4

adopted daughter of Mabel Reid and Peter E. Reid, Sr. The third plaintiff, Walter Foster, is the husband of Mabel Reid Foster.

The said Peter E. Reid, Sr., died on October 22, 1968, survived by his son, Peter E. Reid, Jr., and his adopted daughter, Mabel Reid Foster, one of the plaintiffs herein. His estate is the subject of probate proceedings now pending in this court (Probate No. 24).

The plaintiff, Mabel Reid, testified that her husband wanted to build their family home on land of his relatives instead of land belonging to her relatives. She further testified that her husband's mother was related to Ta'ape Fa'amuli and that Ta'ape invited them to select a home site on Fa'amuli family lands. They then selected a home site on the land known as Alega and moved there in 1947. Peter Reid, Jr., testified that he lived there with them and helped in the construction of the house.

Further testimony on behalf of the plaintiffs was to the effect that Peter Reid, Sr., would send food to Ta'ape weekly and would help him out from time to time in various ways when he needed material things. Two of Ta'ape's children lived with Peter Reid, Sr.'s, parents in Fagatogo when they were young children and the plaintiffs' evidence showed that Ta'ape would visit in that home practically every week. On Ta'ape's death Peter Reid, Sr., appears to have assumed considerable responsibility for the funeral arrangements.

The case of *Toafili et al. v. Ta'ape Fa'amuli*, No. 16-1944, was decided by the Trial Division of the High Court of American Samoa on December 15, 1944. The decree in that case recognized and fixed the title to Alega in Ta'ape Fa'amuli as being the communal or family land of the Fa'amuli family. Peter E. Reid, Sr., testified in that case in support of Ta'ape Fa'amuli's claim and identified himself

5

as being a cousin of Ta'ape, "through his mother's side." Specifically, he testified that his maternal grandmother was a sister of Ta'ape's mother.

In 1958 the defendant, Afenoa Fa'amuli, filed his application to register his claim of succession to the matai title, Fa'amuli, which had become vacant upon the death of Ta'ape. On the forms provided for the purpose the applicant obtained the signatures of members of the family who approved his application. Among the parties signatory were Peter E. Reid, Sr., and Peter E. Reid, Jr.

The defendant placed in evidence a document entitled, "Acknowledgment Of Titles So As To Prevent The Running Of The Statute Of Limitations." This document, which was signed by Peter E. Reid, Sr., recites that he was occupying the land by the sufferance and permission of its owner, Ta'ape Fa'amuli. Appended to this document was a statement signed by Ta'ape Fa'amuli requesting that the document be filed in accordance with Section 907(2) of the 1949 Code of American Samoa and further reciting that Peter Reid occupied the property as a life tenant only.

On the basis of the evidence presented and after a study of the pleadings and the briefs filed by counsel, the court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The land known as Alega is the communal or family land of the Fa'amuli family.

2. The land involved in this action is that part of Alega containing 1.103 acres, more or less, described in an official plat of survey approved for registration on September 18, 1969, and more particularly described as follows:

> "All that certain real property lying in Land Square 10, Unit D, Village of Alega, County of Sua, Island of Tutuila, Government of American Samoa, land known

6

as 'Part Alega' more particulary describe(d) as follows:

Beginning at a concrete monument which is 30 feet from centerline of main highway run thence S 45°33'20" W, 104.60 feet to an iron pin; thence S 43°45'20" W, 81.91 feet to an iron pin; thence S 37°10'20" W, 122.28 feet to an iron pin; thence N 23°39'40" W, 121.14 feet to an iron pin; thence N 34°12'40" W, 103.32 feet to an iron pin; thence N 47°28'20" E, 161.65 feet to a palm tree; thence S 80°06'12" E, 162.45 feet to a concrete monument; thence S 34°21'40" E, 58.04 feet to the point of beginning. Containing 1.103 acres more or less."

3. In 1947 Peter E. Reid, Sr., and his then wife, Mabel Reid, entered into possession of the land described in finding No. two above, with the permission and consent of the matai, Ta'ape Fa'amuli.

4. Peter E. Reid, Sr., and his then wife, Mabel Reid, with assistance from his son, Peter E. Reid, Jr., proceeded by their own labors and at their own expense to clear, plant and improve the premises and construct a home thereon.

5. Peter E. Reid, Sr., and members of his immediate family have remained in continuous occupancy of the premises since they first entered into possession.

6. Peter E. Reid, Sr., died October 22, 1968, survived by his son, Peter E. Reid, Jr., and his adopted daughter Mabel Reid Foster, one of the plaintiffs herein. (His estate is the subject of proceedings now pending in this court in Probate case No. 24.) Since his death the plaintiffs have continued their occupancy of the property described in Finding No. 2.

7. Plaintiff Mabel Reid obtained an absolute divorce from Peter E. Reid, Sr., on October 20, 1967.

8. Peter E. Reid, Sr., was related on the maternal

7

side of his family to Ta'ape Fa'amuli, the matai of the Fa'amuli family which held title to the land known as Alega. This family relationship is manifested by impressive probative evidence that Ta'ape Fa'amuli and Peter E. Reid, Sr., regularly exchanged visits in a manner typical of family members and they otherwise engaged in a course of conduct which evidenced a family relationship, as, for example, the Reids regularly furnished foods and supplies to Ta'ape Fa'amuli and checked regularly to see about his needs. Some of Ta'ape Fa'amuli's children resided at times in the home of the parents of Peter E. Reid, Sr. The latter actively participated in the arrangements for Ta'ape Fa'amuli's funeral and engaged in all the activities normally associated with the handling of a Samoan funeral. Equally impressive is the fact that Peter E. Reid, Sr., testified in this court in Civil Action No. 16-1944 in support of Ta'ape Fa'amuli's claim to ownership of Alega and identified himself as being related to Ta'ape Fa'amuli. And further persuasive evidence of the strongest probative effect is found in the fact that the defendant in this action procured the signatures of Peter E. Reid, Sr., and Peter E. Reid, Jr., as members of his family who supported his claim of succession to the matai title, Fa'amuli.

9. On December 15, 1949, Peter E. Reid, Sr., executed a sworn statement bearing the title "Acknowledgment Of Titles So As To Prevent The Running Of The Statute Of Limitations" which recited that the affiant was occupying a portion of the land "Alega" by the sufferance and permission of Ta'ape Fa'amuli, the owner of the land. Appended to this statement was the sworn request of Ta'ape Fa'amuli that the statement be filed in the High Court in accordance with Section 907(2) of the [1949] Code of American Samoa "as a record that I claim title to the parcel of land described above and that the said Peter E. Reid occupies a portion of that land as a life tenant only."

8

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and the subject matter of this action.

2. The occupancy of the land by Peter E. Reid, Sr., and his family represented a typical allocation of family land by a matai to a family member in accordance with Samoan custom.

3. The statement mentioned in Finding No. 9 served to arrest the running of the statute of limitations as authorized by Section 907(2) of the 1949 Code of American Samoa. It did not as a matter of law create a life tenancy in Peter E. Reid, Sr.

4. Under Samoan custom the death of Peter E. Reid, Sr., did not terminate the right of his surviving children and their immediate families to continue their occupancy of the property subject, however, to their rendering the required services to the matai.

5. Mabel Reid's divorce from Peter E. Reid, Sr., terminated her status as his wife but did not affect her status as a member of the family of Mabel Reid Foster nor did it adversely affect her right to reside with her daughter.

Judgment is hereby entered in favor of the plaintiffs and against the defendant in accordance with the foregoing findings of fact and conclusions of law. The defendant is hereby permanently enjoined from interfering with the plaintiffs' peaceful occupancy of the property described in Finding No. 2, so long as such occupancy is in accordance with the foregoing findings of fact and conclusions of law.

Court costs in the amount of $75.00 are assessed against the defendant, $25.00 of which amount is reimbursable by the Clerk of the High Court to Mabel Reid as one half of the survey costs incurred and paid by her. Said court costs are due on or before October 29, 1969.